**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **WILFREDO ALBERTO LEZAMA-GARCIA,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1797-R** |
| **FRED FIGUEROA, et al.,** | ) | |
| **Respondents.** | ) | |

**ORDER**

Challenging his most recent detention by Immigration and Customs Enforcement, Mr. Wilfredo Alberto Lezama-Garcia Petitioned [Doc. No. 1] the Court for a writ of habeas corpus under 28 U.S.C. § 2241. The Court referred the Petition to United States Magistrate Judge Shon T. Erwin, who Recommended that the Court Order Mr. Lezama-Garcia's immediate release. [Doc. No. 14]. Both parties objected, [Doc. Nos. 15, 16], so the Court will review de novo those portions of the Report to which they specifically object. 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(b)(3).

Respondents object, but only to preserve their argument that the Tenth Circuit's recent opinion in *Abedi v. Carter* was wrongly decided. No. 25-3179, 2026 WL 3149141 (10th Cir. Oct. 21, 2026). The Court thus agrees with Judge Erwin's conclusion that Mr.

Lezama-Garcia is entitled to release under *Abedi* and *Zadvydas v. Davis*, 533 U.S. 678, 684 (2001).[1]

Mr. Lezama-Garcia objects as well, arguing that Judge Erwin's recommended remedy doesn't go far enough. He asks, instead, for an order requiring Respondents to seek prior approval, either from this Court or an Immigration Judge at a bond hearing, before redetaining him. Respondents have released and detained Mr. Lezama-Garcia at least three times since December 2022. Doc. No. 14 at 2–5. The first time followed his conviction for bank larceny. The second resulted in a federal court in Florida ordering his immediate release because Respondents "were unable to present any evidence or produce even one witness or affidavit in support of [his] removal." Doc. No. 14 at 3–4 (citation modified). The third—at issue here—came about because "circumstances have changed such that there is a significant likelihood of removal in the reasonably foreseeable future." Doc. No. 14 at 4–5 (citation modified). As Judge Erwin notes, Respondents' notice to Mr. Lezama-Garcia fails to "specify these circumstances." Doc. No. 14 at 5.

The Court disagrees with Mr. Lezama-Garcia. Given Respondents' concession that their position here is untenable in light of *Abedi*, as well as *Abedi*'s clear language concerning the regulations Respondents are bound to follow whenever they seek to redetain noncitizens like Mr. Lezama-Garcia, the Court is confident that Respondents will follow all applicable regulations should they seek to redetain him in the future. *C.M. v. Baltazar*,

[1] The Court further agrees with Judge Erwin's conclusion that Mr. Lezama-Garcia's removal is not reasonably foreseeable. Doc. No. 14 at 10–13.

No. 26-CV-03470-CYC, 2026 WL 2453347, at *2 (D. Colo. Aug. 21, 2026) (declining "to preemptively enjoin the respondents from re-detaining the petitioner unless they provide her with a pre-deprivation bond hearing") (citation modified). The Court thus declines to require Respondents to hold a pre-deprivation hearing.

Accordingly, the Court ADOPTS Judge Erwin's R&R, GRANTS in part Mr. Lezama-Garcia's Petition, and ORDERS Respondents to release him subject to an appropriate order of supervision. Respondents shall certify their compliance with this Order within 5 days.

IT IS SO ORDERED this 10th day of November 2026.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**